UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY FUSCO,

    Plaintiff,

vs.                              CASE NO.:

DOUG CONNOR, INC., a Florida For
Profit Corporation, and DOUG CONNOR,
Individually,

    Defendants.          /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY FUSCO, by and through the undersigned attorney, sues the Defendants, DOUG CONNOR, INC., a Florida Corporation, and DOUG CONNOR, Individually, and alleges:

1. Plaintiff, ANTHONY FUSCO, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, ANTHONY FUSCO was an employee who worked at Defendants' property within the last three years in Brevard County, Florida.

3. Plaintiff, ANTHONY FUSCO, worked for Defendants as an hourly paid employee at an hourly rate of $20.00 per hour.

4. Plaintiff, ANTHONY FUSCO, worked as a truck driver/operator for Defendants.

5. At all times material to this cause of action, Plaintiff, ANTHONY FUSCO, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours

1

worked.

6. Defendant, DOUG CONNOR, INC., is a Florida for profit Corporation that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, DOUG CONNOR, INC., lists its principal address as 830 Paw Prints Ave, Melbourne, Florida 32934.

8. According to its website, Defendant, DOUG CONNOR, INC., offers land clearing, demolition, excavation, grinding, grading, import fill, storm drainage, sanitary sewer, water distribution, concrete work and road construction services to its customers. See http://DougConnorInc.com/services

9. Defendant, DOUG CONNER, INC., also provides debris collection services. *Id*

10. At all times relevant to this action, DOUG CONNOR was an individual resident of the State of Florida, who owned and operated DOUG CONNOR, INC., and who regularly exercised the authority to: (a) hire and fire employees of DOUG CONNOR, INC.; (b) determine the work schedules for the employees of DOUG CONNOR, INC., and (c) control the finances and operations of DOUG CONNOR, INC.. By virtue of having regularly exercised that authority on behalf of DOUG CONNOR, INC., DOUG CONNOR is/was an employer as defined by 29 U.S.C. § 201, et seq.

11. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

13. During Plaintiff's employment with Defendants, Defendant, DOUG CONNOR,

2

INC., earned more than $500,000.00 per year in gross sales.

14. Defendant, DOUG CONNOR, INC., employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

15. During Plaintiff's employment, Defendant, DOUG CONNOR, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as safety vests, excavators, front end dirt loaders, buckets, cellular phones, land line telephones, and other tools/materials used to run the business.

16. Therefore, at all material times relevant to this action, Defendant, DOUG CONNOR, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. Additionally, Plaintiff, ANTHONY FUSCO, is individually covered under the FLSA.

**FLSA Violations**

18. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

19. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20. Specifically, Defendants had a method and practice of compensating overtime hours only when Plaintiff exceeded fifty (50) hours for the workweek.

21. For example, during the pay period 1/26/19 through 2/1/2019, Plaintiff worked a total of sixty-eight (68) hours. Plaintiff's paystub reflects he received his regular rate of pay

3

($20.00/hour) for fifty (50) hours of work. Plaintiff also received time and one-half his rate of pay ($30.00/overtime hour) for eighteen (18) hours of overtime. See attached Exhibit A.

22. In the example described above, Plaintiff is owed $100.00 in half-time premium for ten (10) hours of uncompensated overtime.

23. Plaintiff is entitled to the half-time premium ($10.00/overtime hour) for all hours worked in excess of forty (40) per week.

24. Plaintiff routinely worked in excess of forty (40) hours per week during his employment with Defendants without receiving full overtime compensation.

25. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above as though stated fully herein.

28. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

29. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

30. Plaintiff was not paid any overtime compensation until he exceeded fifty (50) hours for the work week.

31. Defendants have failed provide accurate overtime compensation for numerous pay

periods.

32. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

33. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ANTHONY FUSCO demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this ___2nd___ day of August, 2019

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff