UNITED STATES DISTRICT COURT<br/>
MIDDLE DISTRICT OF FLORIDA<br/>
ORLANDO DIVISION

ANTHONY FUSCO and STEVEN
BRIGMAN,

                    **Plaintiffs,**

v.                                                       **Case No: 6:19-cv-1516-RBD-DCI**

DOUG CONNOR, INC. and DOUG
CONNOR,

                    **Defendants.**

---

**REPORT AND RECOMMENDATION**

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Second Unopposed Motion for Approval of Settlement (Correcting Error in the Settlement Agreement) (Doc. 54)** |
| **FILED:** | **February 4, 2021** |

**THEREON** it is **Recommend** that the motion be **GRANTED**.

**I.      Background**

    In August 2019, Plaintiffs brought this action against Defendants for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). Docs. 1; 18. The parties filed initial motions for approval of their settlement; the Court denied those motion without prejudice for failure to adequately address the issue of liquidated damages and due to an apparent error in the settlement agreement. Docs. 51; 53. On February 4, 2021, the parties filed a Second Unopposed Motion for Approval of Settlement (Correcting Error in the Settlement Agreement)

(Doc. 54, the Motion) and attached thereto a Settlement Agreement (Doc. 54-1, the Agreement). Under the Agreement, Plaintiff Anthony Fusco will receive $4,090.88 and Plaintiff Steven Brigman will receive $4,581.50 and no liquidated damages.  Doc. 54-1.  Plaintiffs' counsel will receive $22, 958.12 in attorney fees and costs.  *Id.*  The parties argue that the Agreement represents a reasonable compromise of Plaintiffs' FLSA claims and request that the Court grant the Motion and dismiss the case with prejudice.  Doc. 54.

## II.    Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id.* at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.    Discussion

### A.  The Settlement

The parties assert that the Agreement reflects a reasonable compromise of Plaintiffs' FLSA claims. Doc. 54. The parties have been represented by counsel throughout this case—which has progressed through discovery and now includes pending cross-motions for summary judgment—and have engaged in settlement discussions. *Id.* In settlement, Plaintiff Anthony Fusco will receive $4,090.88 in unpaid overtime wages and Plaintiff Steven Brigman will receive $4,581.50 in unpaid overtime wages, but neither will receive liquidated damages. *Id.* The parties agree that

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

the available evidence suggests Defendants acted in good faith." *Id.* at 3.  The parties further

explain that:

> Plaintiffs will not receive liquidated damages. Plaintiffs recognize the Defendants
> routinely paid double time (regular rate x2) and holiday pay (regular rate x2)
> thereby indicating Defendants were not seeking to avoid or cheat Plaintiffs out of
> fair compensation.   Rather, deposition testimony of Defendant corporate
> representative indicates the pay structure was implemented to mirror the amounts
> paid to Defendants through Defendants' contract with Waste Management.  In
> short, the available evidence suggests Defendants acted in good faith. . . .
>
> In determining Plaintiffs' damages, Defendants provided all of Plaintiff's pay and
> time records during their employment. The parties were then able to calculate the
> number of overtime hours Plaintiff worked to a high degree of confidence. The
> parties engaged in settlement negotiations through mediation with Travis
> Hollifield, Esq. Though not argued in the Parties' respective Motions for Summary
> Judgment, Defendants are receiving credit(s) for all "double time" paid to Plaintiffs
> during the relevant statutory period. The parties believe that this settlement is fair
> given the records exchanged and the parties coming to agreeable calculations on
> damages, the Defendants' affirmative defenses, the vagaries of trial, and the
> potential length of litigation. Under these circumstances, the undersigned find the
> settlement reasonable, especially considering the vagaries and unknown length of
> further litigation.

*Id*. at 4 (footnotes omitted).  The undersigned finds that the absence of liquidated damages in this

case is justified.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008);

*Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013).  The undersigned also finds that

the amount agreed upon is a fair and reasonable compromise based on the parties' representation

in the Motion.  Accordingly, it is **RECOMMENDED** that the Court find that the settlement is a

fair and reasonable resolution of Plaintiffs' FLSA claims.

### B.  The Other Terms of the Agreement

Upon review of the Agreement, the undersigned finds that the Agreement does not contain

a general release, confidentiality provision, non-disparagement clause, an allowance for written

modifications, or other potentially problematic contractual provision sometimes found in proposed

FLSA settlement agreements.  Accordingly, it is **RECOMMENDED** that the find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs

Plaintiffs' counsel will receive $22, 958.12 in attorney fees and costs for representing Plaintiffs in this case.  Doc. 54-1.  The parties state that, "The attorneys' fees and costs were negotiated at mediation separately from the settlement of the wage claims and did not bear any weight on the amounts received by Plaintiff[s]."  *Id*. at 5.  The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiffs.  *See Bonetti*, 715 F. Supp. 2d at 1228.   Therefore, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Motion (Doc. 54) be **GRANTED**;

2.  The Court find the Agreement (Doc. 54-1) to be a fair and reasonable settlement of Plaintiffs' claims under the FLSA;

3.  The case be **DISMISSED with prejudice**; and

4.  The Clerk be directed to close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R.

3-1.

      Recommended in Orlando, Florida on February 5, 2021.

                  DANIEL C. IRICK
                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy